# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

WILLIAM T. MOCK; CHRISTOPHER LEWIS; FIREARMS POLICY COALITION, INCORPORATED, a nonprofit corporation; MAXIM DEFENSE INDUSTRIES, L.L.C,

Plaintiffs-Appellees,

v.

MERRICK GARLAND, in his official capacity as Attorney General of the United States; UNITED STATES DEPARTMENT OF JUSTICE; BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES; STEVEN DETTELBACH, in his official capacity as the Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives,

Defendants-Appellants.

On Appeal from the United States District Court
for the Northern District of Texas

## EXCERPTS OF RECORD

BRIAN M. BOYNTON
*Principal Deputy Assistant Attorney
General*

LEIGHA SIMONTON
*United States Attorney*

ABBY C. WRIGHT
SEAN R. JANDA
BEN LEWIS
*Attorneys, Appellate Staff
Civil Division, Room 7250
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530
(202) 514-2494*

# TABLE OF CONTENTS

**Tab**

Docket Entries, No. 4:22-cv-691 (N.D. Tex.),
    ROA.1-ROA.22 ....................................................................... Tab 1

District Court Opinion (June 13, 2024),
    ROA.1947-ROA.1958 ........................................................... Tab 2

District Court Judgment (June 13, 2024),
    ROA.1959 ............................................................................... Tab 3

Notice of Appeal (August 12, 2024),
    ROA.1968-ROA.1969 ........................................................... Tab 4

CERTIFICATE OF SERVICE

TAB 1

# U.S. District Court
## Northern District of Texas (Fort Worth)
## CIVIL DOCKET FOR CASE #: 4:23-cv-00095-O

| | |
|---|---|
| Mock et al v. Garland et al | Date Filed: 01/31/2023 |
| Assigned to: Judge Reed C. O'Connor | Date Terminated: 06/13/2024 |
| Related Case: 4:23-cv-00578-O | Jury Demand: None |
| Case in other court: United States Court of Appeals 5th Circuit, 23-10319 | Nature of Suit: 899 Other Statutes: Administrative Procedure Act/Review or Appeal of Agency Decision |
| United States Court of Appeals 5th Circuit, 23-11199 | Jurisdiction: U.S. Government Defendant |
| United States Court of Appeals 5th Circuit, 24-10743 | |
| Cause: 28:1331 Fed. Question | |

**Plaintiff**

| | | |
|---|---|---|
| **William T Mock** | represented by | **R Brent Cooper** |
| | | Cooper & Scully PC |
| | | 900 Jackson Street, Suite 100 |
| | | Dallas, TX 75202 |
| | | 214-712-9501 |
| | | Fax: 214-712-9540 |
| | | Email: brent.cooper@cooperscully.com |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Bar Status: Admitted/In Good Standing* |
| | | |
| | | **Benjamin David Passey** |
| | | Holland & Hart LLP |
| | | 222 South Main Street |
| | | Suite 2200 |
| | | Salt Lake City, UT 84101 |
| | | 801-799-5828 |
| | | Fax: 801-606-2701 |
| | | Email: bdpassey@hollandhart.com |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Bar Status: Admitted/In Good Standing* |
| | | |
| | | **Bradley Alan Benbrook** |
| | | Benbrook Law Group PC |
| | | 701 University Avenue |
| | | Suite 106 |
| | | Sacramento, CA 95825 |
| | | 916-447-4900 |
| | | Fax: 916-447-4904 |
| | | Email: brad@benbrooklawgroup.com |
| | | *PRO HAC VICE* |
| | | *ATTORNEY TO BE NOTICED* |

*Bar Status: Not Admitted*

**Cody J Wisniewski**
FPC Action Foundation
5550 Painted Mirage Road
Ste 320
Las Vegas, NV 89149
916-517-1665
Fax: 916-476-2392
Email: cwi@fpchq.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Nathan Curtis Flanigin**
Cooper & Scully P.C.
900 Jackson Street
Suite #100
Dallas, TX 75202
214-712-9550
Fax: 214-712-1540
Email: nathan.flanigin@cooperscully.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Stephen Michael Duvernay**
Benbrook Law Group PC
701 University Avenue
Suite 106
Sacramento, CA 95814
916-447-4900
Fax: 916-447-4904
Email: steve@benbrooklawgroup.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Plaintiff**

**Christopher Lewis**          represented by  **R Brent Cooper**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Benjamin David Passey**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Bradley Alan Benbrook**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

*Bar Status: Not Admitted*

**Cody J Wisniewski**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Nathan Curtis Flanigin**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Stephen Michael Duvernay**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

<u>**Plaintiff**</u>

**Firearms Policy Coalition Inc**
*a nonprofit corporation*

represented by **R Brent Cooper**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Benjamin David Passey**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Bradley Alan Benbrook**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Cody J Wisniewski**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Nathan Curtis Flanigin**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Stephen Michael Duvernay**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**<u>Plaintiff</u>**

**Maxim Defense Industries, LLC**                    represented by    **Cody J Wisniewski**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Benjamin David Passey**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Bradley Alan Benbrook**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Nathan Curtis Flanigin**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Stephen Michael Duvernay**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**R Brent Cooper**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

V.

**<u>Defendant</u>**

**Merrick Garland**                                   represented by    **Jody Dale Lowenstein**
*in his official capacity as Attorney General*                          US Department of Justice
*of the United States*                                                  Civil Division, Federal Programs Branch
                                                                        1100 L Street NW
                                                                        Washington, DC 20005
                                                                        202-598-9280
                                                                        Email: jody.d.lowenstein@usdoj.gov
                                                                        *LEAD ATTORNEY*
                                                                        *ATTORNEY TO BE NOTICED*
                                                                        *Bar Status: Not Admitted*

**Michael Drezner**
US Department of Justice
Civil Division, Federal Programs Branch

1100 L St
Washington, DC 20005
202-514-4505
Fax: 202-616-8470
Email: michael.l.drezner@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Taylor Pitz**
DOJ-Civ
Federal Programs Branch
1100 L Street NW
Washington, DC 20005
202-305-5200
Email: taylor.n.pitz@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Defendant**

**United States Department of Justice**    represented by    **Jody Dale Lowenstein**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Michael Drezner**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Taylor Pitz**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Defendant**

**Bureau of Alcohol Tobacco Firearms and Explosives**    represented by    **Jody Dale Lowenstein**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Michael Drezner**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Taylor Pitz**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Defendant**

**Steven Dettelbach**
*in his official capacity as the Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives*

represented by **Jody Dale Lowenstein**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Michael Drezner**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Taylor Pitz**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

V.

**Movant**

**Palmetto State Armory LLC**
*Party and attorney are active (attorney has been terminated to restrict access to sealed filings*

represented by **Stephen Joseph Obermeier**
Wiley Rein LLP
2050 M Street NW
Washington, DC 20036
202-719-7465
Email: sobermeier@wiley.law
*TERMINATED: 08/18/2023*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Boyd Garriott**
2050 M Street NW
Washington, DC 20036
202-719-7000
Email: bgarriott@wiley.law
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Jeremy J Broggi**
Wiley LLP
2050 M Street NW
Washington, DC 20036
202-719-3747
Email: jbroggi@jd14.law.harvard.edu
*TERMINATED: 08/18/2023*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**John E Leslie**
John Leslie PLLC
1805 West Park Row
Ste C
Arlington, TX 76013
817-405-7700
Fax: 817-505-1292
Email: arlingtonlaw@aol.com
*TERMINATED: 08/18/2023*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Michael D Faucette**
Wiley Rein LLP
2050 M Street NW
Washington, DC 20036
202-719-4587
Email: mfaucette24@gmail.com
*TERMINATED: 08/18/2023*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Movant**

| | | |
|---|---|---|
| **Firearms Regulatory Accountability Coalition Inc** *Party and attorney are active (attorney has been terminated to restrict access to sealed filings* | represented by | **Stephen Joseph Obermeier** (See above for address) *TERMINATED: 08/18/2023* *LEAD ATTORNEY* *PRO HAC VICE* *ATTORNEY TO BE NOTICED* *Bar Status: Not Admitted* |

**Boyd Garriott**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Jeremy J Broggi**
(See above for address)
*TERMINATED: 08/18/2023*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**John E Leslie**
(See above for address)
*TERMINATED: 08/18/2023*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Michael D Faucette**
(See above for address)

**Movant**

**NST Global LLC**
*Party and attorney are active (attorney has
been terminated to restrict access to sealed
filings*
*doing business as*
SB Tactical

represented by **Stephen Joseph Obermeier**
(See above for address)
*TERMINATED: 08/18/2023*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Boyd Garriott**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Jeremy J Broggi**
(See above for address)
*TERMINATED: 08/18/2023*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**John E Leslie**
(See above for address)
*TERMINATED: 08/18/2023*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Michael D Faucette**
(See above for address)
*TERMINATED: 08/18/2023*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/31/2023 | 1 (p.23) | COMPLAINT against All Defendants filed by William T Mock, Firearms Policy Coalition Inc, Christopher Lewis. (Filing fee $402; Receipt number ATXNDC-13481974) Plaintiff will submit summons(es) for issuance. In each Notice of Electronic Filing, the judge assignment is indicated, and a link to the Judges Copy Requirements and Judge Specific Requirements is provided. The court reminds the filer that any required copy of this and future documents must be delivered to the judge, in the manner prescribed, within three business days of filing. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. Forms, instructions, and exemption information may be found at www.txnd.uscourts.gov, or by clicking here: Attorney |

| | | |
|---|---|---|
| | | Information - Bar Membership. If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge. (Attachments: # 1 (p.23) Exhibit(s) Exhibit 1, # 2 (p.94) Cover Sheet Civil Cover Sheet, # 3 (p.96) Cover Sheet Supplement Civil Cover Sheet Attachment) (Cooper, R) (Attachment 2 replaced to flatten pdf on 1/31/2023) (mms). Modified on 1/31/2023 (mms). (Entered: 01/31/2023) |
| 01/31/2023 | 2 (p.94) | Request for Clerk to issue Summons filed by Firearms Policy Coalition Inc, Christopher Lewis, William T Mock. (Cooper, R) (Main Document 2 replaced to flatten pdf on 1/31/2023) (mms). Modified text on 1/31/2023 (mms). (Entered: 01/31/2023) |
| 01/31/2023 | 3 (p.96) | Request for Clerk to issue Summons filed by Firearms Policy Coalition Inc, Christopher Lewis, William T Mock. (Cooper, R) (Main Document 3 replaced to flatten pdf on 1/31/2023) (mms). Modified text on 1/31/2023 (mms). (Entered: 01/31/2023) |
| 01/31/2023 | 4 (p.98) | Request for Clerk to issue Summons filed by Firearms Policy Coalition Inc, Christopher Lewis, William T Mock. (Cooper, R) (Main Document 4 replaced to flatten pdf on 1/31/2023) (mms). Modified text on 1/31/2023 (mms). (Entered: 01/31/2023) |
| 01/31/2023 | 5 (p.100) | Request for Clerk to issue Summons filed by Firearms Policy Coalition Inc, Christopher Lewis, William T Mock. (Cooper, R) (Main Document 5 replaced to flatten pdf on 1/31/2023) (mms). Modified text on 1/31/2023 (mms). (Entered: 01/31/2023) |
| 01/31/2023 | 6 (p.102) | CERTIFICATE OF INTERESTED PERSONS/DISCLOSURE STATEMENT by Firearms Policy Coalition Inc, Christopher Lewis, William T Mock. (Clerk QC note: No affiliate entered in ECF). (Cooper, R) (Main Document 6 replaced to flatten pdf on 1/31/2023) (mms). Modified text on 1/31/2023 (mms). (Entered: 01/31/2023) |
| 01/31/2023 | 7 (p.104) | NOTICE of Related Case filed by Firearms Policy Coalition Inc, Christopher Lewis, William T Mock (Cooper, R) Modified text on 1/31/2023 (mms). (Entered: 01/31/2023) |
| 01/31/2023 | 8 (p.106) | New Case Notes: A filing fee has been paid. Pursuant to Misc. Order 6, Plaintiff is provided the Notice of Right to Consent to Proceed Before A U.S. Magistrate Judge (Judge Rutherford). Clerk to provide copy to plaintiff if not received electronically. (mms) (Entered: 01/31/2023) |
| 01/31/2023 | 9 (p.108) | Summons issued as to Bureau of Alcohol Tobacco Firearms and Explosives, Steven Dettelbach, Merrick Garland, United States Department of Justice, U.S. Attorney, and U.S. Attorney General. (mms) (Entered: 01/31/2023) |
| 01/31/2023 | 10 (p.132) | New Case Notes: A filing fee has been paid. File to: Judge O Connor. Pursuant to Misc. Order 6, Plaintiff is provided the Notice of Right to Consent to Proceed Before A U.S. Magistrate Judge. Clerk to provide copy to plaintiff if not received electronically. Attorneys are further reminded that, if necessary, they must comply with Local Rule 83.10(a) within 14 days or risk the possible dismissal of this case without prejudice or without further notice. (tjc) (Entered: 01/31/2023) |
| 01/31/2023 | 11 (p.134) | Application for Admission Pro Hac Vice with Certificate of Good Standing for Attorney Cody J. Wisniewski (Filing fee $100; Receipt number ATXNDC-13483464) filed by Firearms Policy Coalition Inc, Christopher Lewis, William T Mock (Attachments: # 1 (p.23) Proposed Order Admission for Pro Hac |

| | | |
|---|---|---|
| | | Vice, # 2 (p.94) Exhibit(s) Certificate of Good Standing) (Cooper, R) (Main Document 11 replaced on 1/31/2023) (tjc). (Entered: 01/31/2023) |
| 02/01/2023 | 12 | ELECTRONIC ORDER granting 11 (p.134) Application for Admission Pro Hac Vice of CODY J. WISNIEWSKI. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Judge Reed C. O'Connor on 2/1/2023) (chmb) (Entered: 02/01/2023) |
| 02/07/2023 | 13 (p.141) | AMENDED COMPLAINT *FIRST AMENDED PETITION FOR JUDICIAL REVIEW AND REQUEST FOR VACATUR OF AGENCY ACTION, AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF* against All Defendants filed by Firearms Policy Coalition Inc, Christopher Lewis, William T Mock, Maxim Defense Industries, LLC. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. Forms, instructions, and exemption information may be found at www.txnd.uscourts.gov, or by clicking here:  Attorney Information - Bar Membership. If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge. (Cooper, R) (Entered: 02/07/2023) |
| 02/07/2023 | 14 (p.216) | AMENDED Certificate of Interested Persons/Disclosure Statement by Firearms Policy Coalition Inc, Christopher Lewis, Maxim Defense Industries, LLC, William T Mock. Amendment to 6 (p.102) Cert. Of Interested Persons/Disclosure Statement,. . (Cooper, R) Modified on 2/8/2023 (dgt). (Entered: 02/07/2023) |
| 02/09/2023 | 15 (p.218) | SUMMONS Returned Executed as to Bureau of Alcohol Tobacco Firearms and Explosives ; served on 2/3/2023. (Cooper, R) (Entered: 02/09/2023) |
| 02/09/2023 | 16 (p.221) | SUMMONS Returned Executed as to Merrick Garland ; served on 2/3/2023. (Cooper, R) (Entered: 02/09/2023) |
| 02/09/2023 | 17 (p.224) | SUMMONS Returned Executed as to Steven Dettelbach ; served on 2/3/2023. (Cooper, R) (Entered: 02/09/2023) |
| 02/09/2023 | 18 (p.227) | SUMMONS Returned Executed as to United States Department of Justice ; served on 2/3/2023. (Cooper, R) (Entered: 02/09/2023) |
| 02/09/2023 | 19 (p.230) | MOTION for Leave to File Brief in Excess of Page Limit filed by Firearms Policy Coalition Inc, Christopher Lewis, Maxim Defense Industries, LLC, William T Mock (Attachments: # 1 (p.23) Proposed Order) (Cooper, R) (Entered: 02/09/2023) |
| 02/14/2023 | 20 (p.237) | ORDER: Before the Court is Plaintiffs' Emergency Motion for Leave to File Brief in Excess of Page Limit (ECF No. 19), filed February 9, 2023. To expedite resolution of the motion, the Court ORDERS that Defendants' Response is due no later than February 21, 2023. Plaintiffs' Reply is due no later than February 23, 2024. Plaintiffs SHALL serve Defendants with notice of this Order no later than February 15, 2023 and inform that Court that it has done so. (Ordered by Judge Reed C. O'Connor on 2/14/2023) (tjc) (Entered: 02/14/2023) |
| 02/15/2023 | 21 (p.238) | SUMMONS Returned Executed as to Bureau of Alcohol Tobacco Firearms and Explosives ; served on 2/9/2023. (Cooper, R) (Entered: 02/15/2023) |
| 02/15/2023 | 22 (p.242) | SUMMONS Returned Executed as to United States Department of Justice ; served on 2/9/2023. (Cooper, R) (Entered: 02/15/2023) |
| 02/15/2023 | 23 | SUMMONS Returned Executed. (Cooper, R) (Entered: 02/15/2023) |

| | | (p.246) | |
|---|---|---|---|
| 02/15/2023 | 24 (p.250) | NOTICE of *Compliance of Court Order* re: 20 (p.237) Order Setting Deadline/Hearing,, filed by Firearms Policy Coalition Inc, Christopher Lewis, Maxim Defense Industries, LLC, William T Mock (Cooper, R) (Entered: 02/15/2023) |
| 02/17/2023 | 25 (p.251) | NOTICE of Attorney Appearance by Jody Dale Lowenstein on behalf of Bureau of Alcohol Tobacco Firearms and Explosives, Steven Dettelbach, Merrick Garland, United States Department of Justice. (Filer confirms contact info in ECF is current.) (Lowenstein, Jody) (Entered: 02/17/2023) |
| 02/17/2023 | 26 (p.253) | MOTION to Enter Proposed Briefing Schedule filed by Bureau of Alcohol Tobacco Firearms and Explosives, Steven Dettelbach, Merrick Garland, United States Department of Justice (Attachments: # 1 (p.23) Proposed Order) (Lowenstein, Jody) (Entered: 02/17/2023) |
| 02/20/2023 | 27 (p.258) | SUMMONS Returned Executed as to Bureau of Alcohol Tobacco Firearms and Explosives ; served on 2/10/2023. (Cooper, R) (Entered: 02/20/2023) |
| 02/20/2023 | 28 (p.264) | SUMMONS Returned Executed as to Steven Dettelbach ; served on 2/9/2023. (Cooper, R) (Entered: 02/20/2023) |
| 02/20/2023 | 29 (p.268) | SUMMONS Returned Executed as to Merrick Garland ; served on 2/10/2023. (Cooper, R) (Entered: 02/20/2023) |
| 02/20/2023 | 30 (p.272) | SUMMONS Returned Executed as to Steven Dettelbach; served on 2/9/2023. (Cooper, R) Modified on 2/21/2023 (dgt). (Entered: 02/20/2023) |
| 02/20/2023 | 31 (p.278) | SUMMONS Returned Executed as to Merrick Garland ; served on 2/9/2023. (Cooper, R) (Entered: 02/20/2023) |
| 02/21/2023 | 32 (p.282) | ORDER granting 26 (p.253) the parties' motion and ORDERS the parties to comply with the following briefing schedule: On or before February 21, 2023, Plaintiffs will file their motion for preliminary relief; On or before March 10, 2023, Defendants will file their response to Plaintiffs motion; On or before March 17, 2023, Plaintiffs may file a reply in support of their motion. Both parties MAY file an initial brief that is at most 45 pages. Accordingly, the briefing schedule entered by this Court's Order of February 14, 2023 (ECF No. 20 (p.237) ), expediting responses to Plaintiff's motion for overlength briefing is thereby VACATED and the related motion (ECF No. 19 (p.230) ) is moot. (Ordered by Judge Reed C. O'Connor on 2/21/2023) (tjc) (Entered: 02/21/2023) |
| 02/21/2023 | 33 (p.283) | MOTION for Injunction *or, in the Alternative, for Postponement of the Effective Date of the Final Rule* filed by William T Mock, Christopher Lewis, Maxim Defense Industries, LLC, and Firearms Policy Coalition, Inc. (Attachments: # 1 (p.23) Proposed Order) (Cooper, R) Modified filers on 2/22/2023 (mmw). (Entered: 02/21/2023) |
| 02/21/2023 | 34 | ***PLEASE DISREGARD PER ATTORNEY, PLEASE SEE DOC 36 (p.289) *** Brief/Memorandum in Support filed by William T Mock re 33 (p.283) MOTION for Injunction *or, in the Alternative, for Postponement of the Effective Date of the Final Rule* (Cooper, R) Modified on 2/22/2023 (sre). (Entered: 02/21/2023) |
| 02/21/2023 | 35 | ***PLEASE DISREGARD PER ATTORNEY, PLEASE SEE DOC 36 (p.289) *** Brief/Memorandum in Support filed by William T Mock re 33 (p.283) MOTION for |

| | | |
|---|---|---|
| | | Injunction *or, in the Alternative, for Postponement of the Effective Date of the Final Rule* (Attachments: # 1 (p.23) Declaration(s), # 2 (p.94) Declaration(s), # 3 (p.96) Declaration(s), # 4 (p.98) Declaration(s)) (Cooper, R) Modified on 2/22/2023 (sre). (Entered: 02/21/2023) |
| 02/21/2023 | 36 (p.289) | Brief/Memorandum in Support filed by Firearms Policy Coalition Inc, Christopher Lewis, Maxim Defense Industries, LLC, William T Mock re 33 (p.283) MOTION for Injunction *or, in the Alternative, for Postponement of the Effective Date of the Final Rule* (Attachments: # 1 (p.23) Declaration(s) Brandon Combs, # 2 (p.94) Declaration(s) David Dahl, # 3 (p.96) Declaration(s) Christopher Lewis, # 4 (p.98) Declaration(s) William T. Mock) (Cooper, R) (Entered: 02/21/2023) |
| 03/10/2023 | 37 (p.361) | RESPONSE filed by Bureau of Alcohol Tobacco Firearms and Explosives, Steven Dettelbach, Merrick Garland, United States Department of Justice re: 33 (p.283) MOTION for Injunction *or, in the Alternative, for Postponement of the Effective Date of the Final Rule* (Lowenstein, Jody) (Entered: 03/10/2023) |
| 03/17/2023 | 38 (p.423) | REPLY filed by Firearms Policy Coalition Inc, Christopher Lewis, Maxim Defense Industries, LLC, William T Mock re: 33 (p.283) MOTION for Injunction *or, in the Alternative, for Postponement of the Effective Date of the Final Rule* (Attachments: # 1 (p.23) Declaration(s) Supplemental Declaration of David Dahl) (Wisniewski, Cody) (Entered: 03/17/2023) |
| 03/27/2023 | 39 (p.439) | Unopposed Motion for Extension of Time to File Answer filed by Bureau of Alcohol Tobacco Firearms and Explosives, Steven Dettelbach, Merrick Garland, United States Department of Justice with Brief/Memorandum in Support. (Attachments: # 1 (p.23) Proposed Order) (Lowenstein, Jody) (Entered: 03/27/2023) |
| 03/30/2023 | 40 (p.443) | OPINION & ORDER ON 33 (p.283) PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION OR, IN THE ALTERNATIVE, FOR POSTPONEMENT OF THE EFFECTIVE DATE OF THE FINAL RULE: Having considered the parties' briefing and applicable law, the Court finds that Plaintiffs have not carried their burden to demonstrate their substantial likelihood of success on the merits of any of their claims and therefore DENIES 33 (p.283) Plaintiffs' motion for preliminary injunctive relief or, in the alternative, for postponement of the Final Rules effective date. (Ordered by Judge Reed C. O'Connor on 3/30/2023) (tjc) (Entered: 03/30/2023) |
| 03/30/2023 | 41 (p.459) | MOTION for Injunction *Pending Appeal* filed by Firearms Policy Coalition Inc, Christopher Lewis, Maxim Defense Industries, LLC, William T Mock (Attachments: # 1 (p.23) Proposed Order)Attorney Cody J Wisniewski added to party Maxim Defense Industries, LLC(pty:pla) (Wisniewski, Cody) (Entered: 03/30/2023) |
| 03/30/2023 | 42 (p.465) | Brief/Memorandum in Support filed by Firearms Policy Coalition Inc, Christopher Lewis, Maxim Defense Industries, LLC, William T Mock re 41 (p.459) MOTION for Injunction *Pending Appeal* (Wisniewski, Cody) (Entered: 03/30/2023) |
| 03/30/2023 | 43 (p.490) | NOTICE OF INTERLOCUTORY APPEAL as to 40 (p.443) Memorandum Opinion and Order,, to the Fifth Circuit by Firearms Policy Coalition Inc, Christopher Lewis, Maxim Defense Industries, LLC, William T Mock. Filing fee $505, receipt number BTXNDC-13629611. T.O. form to appellant electronically at Transcript Order Form or US Mail as appropriate. Copy of NOA to be sent US Mail to parties not electronically noticed. IMPORTANT ACTION REQUIRED: Provide an electronic copy of any exhibit you offered during a hearing or trial that was admitted into evidence to the clerk of the district court within 14 days of the date of this notice. |

| | | |
|---|---|---|
| | | Copies must be transmitted as PDF attachments through ECF by all ECF Users or delivered to the clerk on a CD by all non-ECF Users. See detailed instructions <u>here</u>. (Exception: This requirement does not apply to a pro se prisoner litigant.) Please note that if original exhibits are in your possession, you must maintain them through final disposition of the case. (Wisniewski, Cody) (Entered: 03/31/2023) |
| 03/31/2023 | <u>44</u> <u>(p.493)</u> | USCA Case Number 23-10319 in United States Court of Appeals 5th Circuit for <u>43</u> <u>(p.490)</u> Notice of Appeal, filed by Christopher Lewis, William T Mock, Firearms Policy Coalition Inc, Maxim Defense Industries, LLC. (tle) (Entered: 03/31/2023) |
| 03/31/2023 | <u>45</u> <u>(p.497)</u> | ORDER granting in part <u>39 (p.439)</u> Motion for Extension of Time to File Answer. Having considered the motion and noting it is unopposed, the Court GRANTS the motion in part. Defendants' Answer shall be filed no later than April 28, 2023. (Ordered by Judge Reed C. O'Connor on 3/31/2023) (tjc) (Entered: 03/31/2023) |
| 03/31/2023 | <u>46</u> <u>(p.498)</u> | MEET AND CONFER ORDER REQUIRING SCHEDULING CONFERENCE AND REPORT FOR CONTENTS OF SCHEDULING ORDER: Proposed Scheduling Order due by 4/28/2023. Lead counsel for each party (or a designee attorney with appropriate authority) and any unrepresented party (except for a prisoner litigant proceeding pro se) shall confer (the "Scheduling Conference") as soon as practicable, but in any event no later than April 14, 2023. As a result of the Scheduling Conference, counsel shall prepare and submit a Report Regarding Contents of Scheduling Order ("Joint Report"). The Joint Report shall also include a status report on settlement negotiations but shall not disclose settlement figures. The Joint Report, which shall be filed on or before April 28, 2023. (Ordered by Judge Reed C. O'Connor on 3/31/2023) (tjc) (Entered: 03/31/2023) |
| 03/31/2023 | <u>47</u> <u>(p.507)</u> | ORDER expediting briefing on Plaintiffs' <u>41 (p.459)</u> Motion for Injunction Pending Appeal. (Ordered by Judge Reed C. O'Connor on 3/31/2023) (chmb) (Entered: 03/31/2023) |
| 04/11/2023 | <u>48</u> <u>(p.508)</u> | Transcript Order Form: re <u>43 (p.490)</u> Notice of Appeal, transcript not requested Reminder: If the transcript is ordered for an appeal, Appellant must also file a copy of the order form with the appeals court. (Wisniewski, Cody) (Entered: 04/11/2023) |
| 04/12/2023 | <u>49</u> <u>(p.510)</u> | RESPONSE filed by Bureau of Alcohol Tobacco Firearms and Explosives, Steven Dettelbach, Merrick Garland, United States Department of Justice re: <u>41 (p.459)</u> MOTION for Injunction *Pending Appeal* (Lowenstein, Jody) (Entered: 04/12/2023) |
| 04/18/2023 | <u>50</u> <u>(p.530)</u> | REPLY filed by Firearms Policy Coalition Inc, Christopher Lewis, Maxim Defense Industries, LLC, William T Mock re: <u>41 (p.459)</u> MOTION for Injunction *Pending Appeal* (Attachments: # <u>1 (p.23)</u> Declaration(s) Third Declaration of David Dahl) (Wisniewski, Cody) (Entered: 04/18/2023) |
| 04/20/2023 | | Record on Appeal for USCA5 23-10319 (related to <u>43 (p.490)</u> appeal): Record consisting of: 1 ECF electronic record on appeal (eROA) is certified,. **PLEASE NOTE THE FOLLOWING:** Licensed attorneys must have filed an appearance in the USCA5 case and be registered for electronic filing in the USCA5 to access the paginated eROA in the USCA5 ECF system. (Take these steps immediately if you have not already done so. Once you have filed the notice of appearance and/or USCA5 ECF registration, it may take up to 3 business days for the circuit to notify the district clerk that we may grant you access to the eROA in the USCA5 ECF system.) To access the paginated record, log in to the USCA5 ECF system, and under the Utilities menu, select Electronic Record on Appeal. Pro se litigants may request a copy of the record by <u>contacting the appeals deputy</u> in |

| | | advance to arrange delivery. (tle) (Entered: 04/20/2023) |
|---|---|---|
| 04/28/2023 | 51 (p.545) | Proposal for contents of scheduling and discovery order *(Joint Report)* by Firearms Policy Coalition Inc, Christopher Lewis, Maxim Defense Industries, LLC, William T Mock. (Wisniewski, Cody) (Entered: 04/28/2023) |
| 05/01/2023 | 52 (p.554) | SCHEDULING ORDER: Before the Court is the parties' Joint Report Regarding Contents of Scheduling Order (ECF No. 51 (p.545) ), filed April 28, 2023. The dispute involves claims of various violations of the Administrative Procedure Act (APA), 5 U.S.C. § 706, and the U.S. Constitution. Having considered the parties' positions and noting that the dispute shall be resolved on dispositive crossmotions without trial (See Order Specific Dates). (Ordered by Judge Reed C. O'Connor on 5/1/2023) (tjc) (Entered: 05/01/2023) |
| 05/19/2023 | 53 (p.556) | Unopposed MOTION to Extend Time to Lodge the Administrative Record filed by Bureau of Alcohol Tobacco Firearms and Explosives, Steven Dettelbach, Merrick Garland, United States Department of Justice with Brief/Memorandum in Support. (Attachments: # 1 (p.23) Proposed Order) (Lowenstein, Jody) (Entered: 05/19/2023) |
| 05/20/2023 | 54 | ELECTRONIC ORDER granting 53 (p.556) Unopposed Motion to Extend Time to Lodge Administrative Record. Defendants shall lodge thecertified administrative record no later than May 23, 2023. (Ordered by Judge Reed C. O'Connor on 5/20/2023) (chmb) (Entered: 05/20/2023) |
| 05/22/2023 | | APPEARANCE FORM FILED at USCA5 by Attorney(s) Stephen Dean Stamboulieh for party(s) Amicus Curiae Gun Owners of America, Incorporated Amicus Curiae Gun Owners Foundation Amicus Curiae Brady Brown, in case 23-10319. Access to the EROA has been granted. (tle) (Entered: 05/22/2023) |
| 05/22/2023 | | APPEARANCE FORM FILED at USCA5 by Attorney Ryan Baasch for Amicus Curiae State of Texas in 23-10319. Access to the EROA has been granted. (tle) (Entered: 05/22/2023) |
| 05/22/2023 | 55 (p.560) | NOTICE of *the Lodging of the Administrative Record* filed by Bureau of Alcohol Tobacco Firearms and Explosives, Steven Dettelbach, Merrick Garland, United States Department of Justice (Attachments: # 1 (p.23) Certification of the Administrative Record, # 2 (p.94) Index for the Administrative Record) (Lowenstein, Jody) (Entered: 05/22/2023) |
| 05/23/2023 | 57 (p.568) | NOTICE of Submission of 55 (p.560) Administrative Record on Flash Drive filed by United States Department of Justice (Flash drive located in Clerk's Office File Room). (tjc) (Entered: 05/24/2023) |
| 05/24/2023 | 56 (p.565) | ORDER of USCA No. 23-10319 as to 43 (p.490) Notice of Appeal, filed by Christopher Lewis, William T Mock, Firearms Policy Coalition Inc, Maxim Defense Industries, LLC. IT IS ORDERED that the appeal is EXPEDITED to the next available Oral Argument Calendar.IT IS FURTHER ORDERED that Appellants Opposed Motion For a Preliminary Injunction Pending Appeal is GRANTED as to the Plaintiffs in this case. See FED. R. APP. P. 8; Nken v. Holder, 556 U.S. 418 (2009). (Attachments: # 1 (p.23) USCA5 Cover Letter) (tle) (Entered: 05/24/2023) |
| 05/26/2023 | 58 (p.570) | ORDER of USCA as to 43 (p.490) Notice of Appeal, filed by Christopher Lewis, William T Mock, Firearms Policy Coalition Inc, Maxim Defense Industries, LLC. IT IS ORDERED that appellants opposed motion for clarification of the motion panels May 23, 2023, order is GRANTED.The motions panel majority ordered that Appellants Opposed Motion For a Preliminary Injunction Pending Appeal is |

| | | |
|---|---|---|
| | | GRANTED as to the Plaintiffs in this case. (Emphasis added.) On May 23, the appellants moved for clarification of the meaning and scope of the italicized language. As the merits panel that will be hearing oral arguments on June 29, 2023, we provide that clarification now. Any relief beyond what is explicitly requested, which arguably would be tantamount to a nationwide injunction, is DENIED (Attachments: # 1 (p.23) USCA5 Cover Letter) (tle) (Entered: 05/26/2023) |
| 06/08/2023 | | APPEARANCE FORM FILED at USCA5 by Attorney Stephen Obermeier for Amicus Curiae Palmetto State Armory, L.L.C. in 23-10319, Attorney Stephen Obermeier for Amicus Curiae NST Global, L.L.C. in 23-10319, Attorney Stephen Obermeier for Amicus Curiae Firearms Regulatory Accountability Coalition, Incorporated in 23-10319. Access to the EROA has been granted. (tle) (Entered: 06/08/2023) |
| 06/12/2023 | | APPEARANCE FORM FILED at USCA5 by Attorney(s) Autumn Hamit Patterson for party(s) Amicus Curiae Texas Public Policy Foundation, in case 23-10319. Access to the EROA has been granted. (tle) (Entered: 06/12/2023) |
| 06/12/2023 | | APPEARANCE FORM FILED at USCA5 by Attorney(s) Chance Weldon for party(s) Amicus Curiae Texas Public Policy Foundation, in case 23-10319. Access to the EROA has been granted. (tle) (Entered: 06/12/2023) |
| 06/12/2023 | | APPEARANCE FORM FILED at USCA5 by Attorney(s) Robert E. Henneke for party(s) Amicus Curiae Texas Public Policy Foundation, in case 23-10319. Access to the EROA has been granted. (tle) (Entered: 06/12/2023) |
| 06/13/2023 | | APPEARANCE FORM FILED at USCA5 by Attorney Stephen Klein for Amicus Curiae American Firearms Association in 23-10319. Access to the EROA has been granted. (tle) (Entered: 06/13/2023) |
| 06/16/2023 | 59 (p.574) | MOTION to Stay *Proceedings* filed by Bureau of Alcohol Tobacco Firearms and Explosives, Steven Dettelbach, Merrick Garland, United States Department of Justice with Brief/Memorandum in Support. (Attachments: # 1 (p.23) Proposed Order) (Lowenstein, Jody) (Entered: 06/16/2023) |
| 06/16/2023 | 60 (p.585) | RESPONSE filed by Firearms Policy Coalition Inc, Christopher Lewis, Maxim Defense Industries, LLC, William T Mock re: 59 (p.574) MOTION to Stay *Proceedings* (Wisniewski, Cody) (Entered: 06/16/2023) |
| 06/19/2023 | 61 (p.588) | ORDER granting Defendants Merrick Garland et al.'s 59 (p.574) Motion to Stay. The case is STAYED pending the Fifth Circuit's resolution of Plaintiffs' expedited appeal from this Court's order denying Plaintiffs' motion for injunctive relief. See No. 23-10319 (5th Cir.). Summary Judgment briefing shall resume upon issuance of the Fifth Circuit's decision. See Order for details. (Ordered by Judge Reed C. O'Connor on 6/19/2023) (chmb) (Entered: 06/19/2023) |
| 06/27/2023 | | APPEARANCE FORM FILED at USCA5 by Attorney(s) Clayton Way Calvin for party(s) Amicus Curiae Texas Public Policy Foundation, in case 23-10319. Access to the EROA has been granted. (tle) (Entered: 06/27/2023) |
| 06/28/2023 | 62 (p.589) | A flash drive containing a corrected copy of the certified administrative record for Factoring Criteria for Firearms with Attached "Stabilizing Braces," filed by Bureau of Alcohol Tobacco Firearms and Explosives, Steven Dettelbach, Merrick Garland, United States Department of Justice. (Flash drive is on the shelf in the clerk's office) (fba) (Entered: 06/29/2023) |

| 08/01/2023 | 63 (p.591) | STATUS REPORT ORDER: Status Report due by 8/4/2023. (Ordered by Judge Reed C. O'Connor on 8/1/2023) (Judge Reed C. O'Connor) (Entered: 08/01/2023) |
|---|---|---|
| 08/04/2023 | 64 (p.592) | Joint STATUS REPORT filed by Firearms Policy Coalition Inc, Christopher Lewis, Maxim Defense Industries, LLC, William T Mock. (Wisniewski, Cody) (Entered: 08/04/2023) |
| 08/04/2023 | 65 (p.595) | ORDER: Supp. Pleadings due by 8/18/2023. Responses due by 9/1/2023. Replies due by 9/9/2023. (Ordered by Judge Reed C. O'Connor on 8/4/2023) (Judge Reed C. O'Connor) (Entered: 08/04/2023) |
| 08/14/2023 | 66 (p.596) | NOTICE of Attorney Appearance by R Brent Cooper for Bradley A. Benbrook and Stephen M. Duvernay on behalf of Firearms Policy Coalition Inc, Christopher Lewis, Maxim Defense Industries, LLC, William T Mock. (Cooper, R) (Entered: 08/14/2023) |
| 08/15/2023 | 67 (p.599) | Application for Admission Pro Hac Vice with Certificate of Good Standing for Attorney Bradley A. Benbrook (Filing fee $100; Receipt number ATXNDC-13956116) filed by Firearms Policy Coalition Inc, Christopher Lewis, Maxim Defense Industries, LLC, William T Mock (Attachments: # 1 (p.23) Proposed Order Proposed Order for Admission Pro Hac Vice) (Passey, Benjamin) (Entered: 08/15/2023) |
| 08/15/2023 | 68 (p.606) | Application for Admission Pro Hac Vice with Certificate of Good Standing for Attorney Stephen M. Duvernay (Filing fee $100; Receipt number ATXNDC-13956199) filed by Firearms Policy Coalition Inc, Christopher Lewis, Maxim Defense Industries, LLC, William T Mock (Attachments: # 1 (p.23) Proposed Order Proposed Order for Admission Pro Hac Vice) (Passey, Benjamin) (Entered: 08/15/2023) |
| 08/18/2023 | 69 (p.613) | Application for Admission Pro Hac Vice with Certificate of Good Standing (Filing fee $100; Receipt number ATXNDC-13967929) filed by Palmetto State Armory, LLC, Firearms Regulatory Accountability Coalition, Inc., NST Global, LLC (d/b/a SB Tactical). Party Palmetto State Armory, LLC, Firearms Regulatory Accountability Coalition, Inc., NST Global, LLC (d/b/a SB Tactical) added.Attorney Stephen Joseph Obermeier added to party Palmetto State Armory, LLC(pty:mov), Attorney Stephen Joseph Obermeier added to party Firearms Regulatory Accountability Coalition, Inc(pty:mov), Attorney Stephen Joseph Obermeier added to party NST Global, LLC (d/b/a SB Tactical)(pty:mov) (Obermeier, Stephen) (Entered: 08/18/2023) |
| 08/18/2023 | 70 (p.618) | Application for Admission Pro Hac Vice with Certificate of Good Standing (Filing fee $100; Receipt number ATXNDC-13967987) filed by Firearms Regulatory Accountability Coalition, Inc., NST Global, LLC (d/b/a SB Tactical), Palmetto State Armory, LLC Attorney Jeremy J Broggi added to party Firearms Regulatory Accountability Coalition, Inc(pty:mov), Attorney Jeremy J Broggi added to party NST Global, LLC (d/b/a SB Tactical)(pty:mov), Attorney Jeremy J Broggi added to party Palmetto State Armory, LLC(pty:mov) (Broggi, Jeremy) (Entered: 08/18/2023) |
| 08/18/2023 | 71 (p.623) | Application for Admission Pro Hac Vice with Certificate of Good Standing (Filing fee $100; Receipt number ATXNDC-13968000) filed by Firearms Regulatory Accountability Coalition, Inc., NST Global, LLC (d/b/a SB Tactical), Palmetto State Armory, LLC Attorney Michael D Faucette added to party Firearms Regulatory Accountability Coalition, Inc(pty:mov), Attorney Michael D Faucette added to |

| | | |
|---|---|---|
| | | party NST Global, LLC (d/b/a SB Tactical)(pty:mov), Attorney Michael D Faucette added to party Palmetto State Armory, LLC(pty:mov) (Faucette, Michael) (Entered: 08/18/2023) |
| 08/18/2023 | 72 (p.628) | Application for Admission Pro Hac Vice with Certificate of Good Standing (Filing fee $100; Receipt number ATXNDC-13968035) filed by Firearms Regulatory Accountability Coalition, Inc., NST Global, LLC (d/b/a SB Tactical), Palmetto State Armory, LLC Attorney Boyd Garriott added to party Firearms Regulatory Accountability Coalition, Inc.(pty:mov), Attorney Boyd Garriott added to party NST Global, LLC (d/b/a SB Tactical)(pty:mov), Attorney Boyd Garriott added to party Palmetto State Armory, LLC(pty:mov) (Garriott, Boyd) (Entered: 08/18/2023) |
| 08/18/2023 | 73 (p.633) | Unopposed MOTION for Leave to File Brief as Amici Curiae filed by Firearms Regulatory Accountability Coalition, NST Global LLC, Palmetto State Armory LLC (Attachments: # 1 (p.23) Amicus Brief, # 2 (p.94) Amicus Brief Ex. A - White Decl., # 3 (p.96) Amicus Brief Ex. B - Supp. Creamer Decl., # 4 (p.98) Amicus Brief Ex. C - Luce Decl., # 5 (p.100) Amicus Brief Ex. D - Creamer Decl., # 6 (p.102) Proposed Order) (Obermeier, Stephen) Modified docket text on 8/18/2023 (mms). (Entered: 08/18/2023) |
| 08/18/2023 | 74 (p.688) | NOTICE of Attorney Appearance by John E Leslie on behalf of Firearms Regulatory Accountability Coalition, Inc., NST Global, LLC (d/b/a SB Tactical), Palmetto State Armory, LLC. (Filer confirms contact info in ECF is current.) (Leslie, John) (Entered: 08/18/2023) |
| 08/18/2023 | 75 (p.690) | Brief/Memorandum in Support filed by Firearms Policy Coalition Inc, Firearms Regulatory Accountability Coalition Inc, Christopher Lewis, Maxim Defense Industries, LLC, William T Mock re 33 (p.283) MOTION for Injunction *or, in the Alternative, for Postponement of the Effective Date of the Final Rule Plaintiffs Supplemental Brief In Support Of Their Motion For Preliminary Injunction* (Attachments: # 1 (p.23) Declaration(s) Fourth Declaration of David Dahl, # 2 (p.94) Declaration(s) Declaration of Jahde Clark, # 3 (p.96) Declaration(s) Declaration of Bert Irslinger) (Benbrook, Bradley) (Entered: 08/18/2023) |
| 08/22/2023 | 76 | ELECTRONIC ORDER granting 67 (p.599) Application for Admission Pro Hac Vice of Bradley A. Benbrook. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Judge Reed C. O'Connor on 8/22/2023) (chmb) (Entered: 08/22/2023) |
| 08/22/2023 | 77 | ELECTRONIC ORDER granting 68 (p.606) Application for Admission Pro Hac Vice of Stephen M. Duvernay. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Judge Reed C. O'Connor on 8/22/2023) (chmb) (Entered: 08/22/2023) |
| 08/22/2023 | 78 | ELECTRONIC ORDER granting 69 (p.613) Application for Admission Pro Hac Vice of Stephen J. Obermeier. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Judge Reed C. O'Connor on 8/22/2023) (chmb) (Entered: 08/22/2023) |
| 08/22/2023 | 79 | ELECTRONIC ORDER granting 70 (p.618) Application for Admission Pro Hac Vice of Jeremy J. Broggi. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney |

| | | |
|---|---|---|
| | | appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Judge Reed C. O'Connor on 8/22/2023) (chmb) (Entered: 08/22/2023) |
| 08/22/2023 | 80 | ELECTRONIC ORDER granting 71 (p.623) Application for Admission Pro Hac Vice of Michael Faucette. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Judge Reed C. O'Connor on 8/22/2023) (chmb) (Entered: 08/22/2023) |
| 08/22/2023 | 81 | ELECTRONIC ORDER granting 72 (p.628) Application for Admission Pro Hac Vice of Boyd Garriott. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Judge Reed C. O'Connor on 8/22/2023) (chmb) (Entered: 08/22/2023) |
| 08/22/2023 | 82 | ELECTRONIC ORDER granting 73 (p.633) Motion for Leave to File. (Unless the document has already been filed, clerk to enter the document as of the date of this order.) (Ordered by Judge Reed C. O'Connor on 8/22/2023) (chmb) (Entered: 08/22/2023) |
| 08/30/2023 | 83 (p.734) | MOTION Unopposed Motion for Leave to File Notice of Supplemental Authority filed by Firearms Policy Coalition Inc, Christopher Lewis, Maxim Defense Industries, LLC, William T Mock with Brief/Memorandum in Support. (Benbrook, Bradley) (Entered: 08/30/2023) |
| 09/01/2023 | 84 (p.834) | RESPONSE filed by Bureau of Alcohol Tobacco Firearms and Explosives, Steven Dettelbach, Merrick Garland, United States Department of Justice re: 75 (p.690) Brief/Memorandum in Support of Motion,, (Lowenstein, Jody) (Entered: 09/01/2023) |
| 09/08/2023 | 85 (p.855) | RESPONSE filed by Firearms Policy Coalition Inc, Christopher Lewis, Maxim Defense Industries, LLC, William T Mock re: 75 (p.690) Brief/Memorandum in Support of Motion,, 84 (p.834) Response/Objection, 65 (p.595) Order Setting Deadline/Hearing, 33 (p.283) MOTION for Injunction *or, in the Alternative, for Postponement of the Effective Date of the Final Rule* (Benbrook, Bradley) (Entered: 09/08/2023) |
| 09/12/2023 | 86 (p.869) | NOTICE of *Supplemental Authority* filed by Bureau of Alcohol Tobacco Firearms and Explosives, Steven Dettelbach, Firearms Regulatory Accountability Coalition Inc, Merrick Garland, United States Department of Justice (Attachments: # 1 (p.23) Exhibit(s) 1 - FRAC Opinion) (Lowenstein, Jody) (Entered: 09/12/2023) |
| 09/15/2023 | 87 | ELECTRONIC ORDER granting 83 (p.734) Motion (Ordered by Judge Reed C. O'Connor on 9/15/2023) (chmb) (Entered: 09/15/2023) |
| 09/25/2023 | 88 (p.896) | JUDGMENT/MANDATE of USCA No. 23-10319 as to 43 (p.490) Notice of Appeal, filed by Christopher Lewis, William T Mock, Firearms Policy Coalition Inc, Maxim Defense Industries, LLC. IT IS ORDERED and ADJUDGED that the judgment of the District Court is REVERSED and REMANDED to the District Court for further proceedings in accordance with the opinion of this Court.IT IS FURTHER ORDERED that each party bear its own costs on appeal. Issued as Mandate: 9/25/2023. (Attachments: # 1 (p.23) USCA5 Cover Letter) (tle) (Entered: 09/25/2023) |
| 09/25/2023 | 89 (p.899) | Opinion of USCA No. 23-10319 in accordance with USCA judgment re 43 (p.490) Notice of Appeal, filed by Christopher Lewis, William T Mock, Firearms Policy |

| | | |
|---|---|---|
| | | Coalition Inc, Maxim Defense Industries, LLC. For the foregoing reasons, we REVERSE the order denying a preliminary injunction and REMAND with instruction to consider that motion expeditiously. To ensure relative stability, we MAINTAIN the preliminary injunction pending appeal that the motions panel issued on May 23, 2023, as clarified by this merits panel on May 26, 2023.63 This courts injunction will expire 60 days from the date of this decision, or once the district court rules on a preliminary injunction, whichever occurs first. We direct the district court to rule within 60 days.We place no limitation on the matters that the conscientious district court may address on remand, and we give no indication of what decisions it should reach, regarding a preliminary injunction or any other matter. (tle) (Entered: 09/25/2023) |
| 10/02/2023 | 90 | ELECTRONIC ORDER LIFTING STAY (Ordered by Judge Reed C. O'Connor on 10/2/2023) (chmb) (Entered: 10/02/2023) |
| 10/02/2023 | 91 | ELECTRONIC ORDER LIFTING STAY (Ordered by Judge Reed C. O'Connor on 10/2/2023) (chmb) (Entered: 10/02/2023) |
| 10/02/2023 | 92 (p.957) | OPINION & ORDER ON PLAINTIFFS' 33 (p.283) MOTION FOR PRELIMINARY INJUNCTION: Having considered the parties' briefing and applicable law, the Court GRANTS Plaintiffs' motion for preliminary injunction against the Government Defendants. (Ordered by Judge Reed C. O'Connor on 10/2/2023) (chmb) . Modified type on 10/4/2023 (mmw). (Entered: 10/02/2023) |
| 10/03/2023 | 93 (p.995) | ORDER: On October 2, 2023, the Court issued its Opinion & Order (ECF No. 92 (p.957) ) on the Motion for Preliminary Injunction (ECF No. 33 (p.283) ) in this case. In light of that decision, the parties are hereby ORDERED to meet and confer and file a joint status report with the Court no later than October 31, 2023. (Ordered by Judge Reed C. O'Connor on 10/3/2023) (tjc) (Entered: 10/04/2023) |
| 10/31/2023 | 94 (p.996) | NOTICE of Attorney Appearance by Michael Drezner on behalf of Bureau of Alcohol Tobacco Firearms and Explosives, Steven Dettelbach, Merrick Garland, United States Department of Justice. (Filer confirms contact info in ECF is current.) (Drezner, Michael) (Entered: 10/31/2023) |
| 10/31/2023 | 95 (p.998) | Joint STATUS REPORT filed by Bureau of Alcohol Tobacco Firearms and Explosives, Steven Dettelbach, Merrick Garland, United States Department of Justice. (Drezner, Michael) (Entered: 10/31/2023) |
| 11/03/2023 | 96 (p.1001) | ORDER REGARDING JOINT BRIEFING SCHEDULE: Before the Court is the parties' Joint Status Report (ECF No. 95 (p.998) ), filed October 31, 2023. The parties have conferred and jointly propose a briefing schedule on dispositive motions in this case. Accordingly, the Court ORDERS the parties to comply with the following briefing schedule: November 14, 2023, Plaintiffs will file their motion for summary judgment; December 18, 2023, Defendants will file their consolidated opposition and cross-motion for summary judgment; January 17, 2024, Plaintiffs will file their consolidated opposition and reply; February 7, 2024, Defendants will file their reply. (Ordered by Judge Reed C. O'Connor on 11/3/2023) (tjc) (Entered: 11/06/2023) |
| 11/14/2023 | 97 (p.1002) | NOTICE of Attorney Appearance by Nathan Curtis Flanigin on behalf of Firearms Policy Coalition Inc, Christopher Lewis, Maxim Defense Industries, LLC, William T Mock. (Filer confirms contact info in ECF is current.) (Flanigin, Nathan) (Entered: 11/14/2023) |
| 11/14/2023 | | |

| | | |
|---|---|---|
| | 98<br>(p.1005) | MOTION for Summary Judgment filed by Firearms Policy Coalition Inc, Firearms Regulatory Accountability Coalition Inc, Christopher Lewis, Maxim Defense Industries, LLC, William T Mock (Benbrook, Bradley) (Entered: 11/14/2023) |
| 11/14/2023 | 99<br>(p.1010) | Brief/Memorandum in Support filed by Firearms Policy Coalition Inc, Christopher Lewis, Maxim Defense Industries, LLC, William T Mock re 98 (p.1005) MOTION for Summary Judgment (Benbrook, Bradley) (Entered: 11/14/2023) |
| 11/14/2023 | 100<br>(p.1063) | Brief/Memorandum in Support filed by Firearms Policy Coalition Inc, Christopher Lewis, Maxim Defense Industries, LLC, William T Mock re 98 (p.1005) MOTION for Summary Judgment (Attachments: # 1 (p.23) Proposed Order) (Benbrook, Bradley) (Entered: 11/14/2023) |
| 11/21/2023 | 101<br>(p.1118) | Unopposed MOTION for Leave to File Amici Curiae Brief in Support of Plaintiffs' Motion for Summary Judgment filed by Firearms Regulatory Accountability Coalition Inc, NST Global LLC, Palmetto State Armory LLC (Attachments: # 1 (p.23) Amicus Brief, # 2 (p.94) Proposed Order) (Obermeier, Stephen) (Entered: 11/21/2023) |
| 11/22/2023 | 102 | ELECTRONIC ORDER granting 101 (p.1118) Motion for Leave to File. (Unless the document has already been filed, clerk to enter the document as of the date of this order.) (Ordered by Judge Reed C. O'Connor on 11/22/2023) (chmb) (Entered: 11/22/2023) |
| 11/22/2023 | 103<br>(p.1155) | Brief in Support filed by Firearms Regulatory Accountability Coalition Inc, NST Global LLC, Palmetto State Armory LLC re: 98 (p.1005) MOTION for Summary Judgment (bdb) (Entered: 11/22/2023) |
| 11/29/2023 | 104<br>(p.1187) | NOTICE OF INTERLOCUTORY APPEAL as to 92 (p.957) Order, to the Fifth Circuit by Bureau of Alcohol Tobacco Firearms and Explosives, Steven Dettelbach, Merrick Garland, United States Department of Justice. T.O. form to appellant electronically at Transcript Order Form or US Mail as appropriate. Copy of NOA to be sent US Mail to parties not electronically noticed. IMPORTANT ACTION REQUIRED: Provide an electronic copy of any exhibit you offered during a hearing or trial that was admitted into evidence to the clerk of the district court within 14 days of the date of this notice. Copies must be transmitted as PDF attachments through ECF by all ECF Users or delivered to the clerk on a CD by all non-ECF Users. See detailed instructions here. (Exception: This requirement does not apply to a pro se prisoner litigant.) Please note that if original exhibits are in your possession, you must maintain them through final disposition of the case. (Lowenstein, Jody) (Entered: 11/29/2023) |
| 12/01/2023 | 105<br>(p.1189) | USCA Case Number 23-11199 in United States Court of Appeals 5th Circuit for 104 (p.1187) Notice of Appeal, filed by Merrick Garland, Bureau of Alcohol Tobacco Firearms and Explosives, United States Department of Justice, Steven Dettelbach. (tle) (Entered: 12/01/2023) |
| 12/08/2023 | | Record on Appeal for USCA5 23-11199 (related to 104 (p.1187) appeal): Record consisting of: 1 ECF electronic record on appeal (eROA) is certified,.<br>**PLEASE NOTE THE FOLLOWING:** Licensed attorneys must have filed an appearance in the USCA5 case and be registered for electronic filing in the USCA5 to access the paginated eROA in the USCA5 ECF system. (Take these steps immediately if you have not already done so. Once you have filed the notice of appearance and/or USCA5 ECF registration, it may take up to 3 business days for the circuit to notify the district clerk that we may grant you access to the eROA in |

| | | the USCA5 ECF system.) To access the paginated record, log in to the USCA5 ECF system, and under the Utilities menu, select Electronic Record on Appeal. Pro se litigants may request a copy of the record by <u>contacting the appeals deputy</u> in advance to arrange delivery. (tle) (Entered: 12/08/2023) |
|---|---|---|
| 12/18/2023 | <u>106</u><br>(p.1193) | Cross MOTION for Summary Judgment filed by Bureau of Alcohol Tobacco Firearms and Explosives, Steven Dettelbach, Merrick Garland, United States Department of Justice (Attachments: # <u>1 (p.23)</u> Proposed Order) (Lowenstein, Jody) (Entered: 12/18/2023) |
| 12/18/2023 | <u>107</u><br>(p.1196) | Brief/Memorandum in Support filed by Bureau of Alcohol Tobacco Firearms and Explosives, Steven Dettelbach, Merrick Garland, United States Department of Justice re <u>106 (p.1193)</u> Cross MOTION for Summary Judgment (Attachments: # <u>1 (p.23)</u> Exhibit(s) A) (Lowenstein, Jody) (Entered: 12/18/2023) |
| 01/03/2024 | | APPEARANCE FORM FILED at USCA5 by Attorney(s) Stephen Duvernay for party(s) Appellee/Cross-Appellant William T. Mock Appellee/Cross-Appellant Firearms Policy Coalition, Incorporated Appellee/Cross-Appellant Maxim Defense Industries, L.L.C. Appellee/Cross-Appellant Christopher Lewis, in case 23-11199 [23-11199, 23-11157, 23-11203, 23-11204, 23-40685] Access to the EROA has been granted. (tle) (Entered: 01/03/2024) |
| 01/17/2024 | <u>108</u><br>(p.1276) | RESPONSE filed by Firearms Policy Coalition Inc, Christopher Lewis, Maxim Defense Industries, LLC, William T Mock re: <u>98 (p.1005)</u> MOTION for Summary Judgment , <u>106 (p.1193)</u> Cross MOTION for Summary Judgment (Benbrook, Bradley) (Entered: 01/17/2024) |
| 02/07/2024 | <u>109</u><br>(p.1318) | REPLY filed by Bureau of Alcohol Tobacco Firearms and Explosives, Steven Dettelbach, Merrick Garland, United States Department of Justice re: <u>106 (p.1193)</u> Cross MOTION for Summary Judgment (Attachments: # <u>1 (p.23)</u> Table of Appendix, # <u>2 (p.94)</u> Appendix - Vol. 1, # <u>3 (p.96)</u> Appendix - Vol. 2, # <u>4 (p.98)</u> Appendix - Vol. 3, # <u>5 (p.100)</u> Appendix - Vol. 4) (Lowenstein, Jody) (Entered: 02/07/2024) |
| 06/13/2024 | <u>110</u><br>(p.1947) | MEMORANDUM OPINION AND ORDER: The Court GRANTS Plaintiffs' <u>98 (p.1005)</u> Motion for Summary Judgment on the grounds that the Final Rule violated the APA's procedural requirements because it was arbitrary and capricious and was not a logical outgrowth of the Proposed Rule; DENIES Defendants' <u>106 (p.1193)</u> Cross Motion for Summary Judgment; DENIES Plaintiffs' request for a permanent injunction; and VACATES the Final Rule. (Ordered by Judge Reed C. O'Connor on 6/13/2024) (jnp) (Entered: 06/13/2024) |
| 06/13/2024 | <u>111</u><br>(p.1959) | FINAL JUDGMENT: It is ORDERED, ADJUDGED, and DECREED that: Plaintiffs' <u>98 (p.1005)</u> motion for summary judgment on the grounds that the Final Rule violated the Administrative Procedure Act's procedural requirements because it was arbitrary and capricious and was not a logical outgrowth of the Proposed Rule is GRANTED and Defendants' <u>106 (p.1193)</u> cross-motion for summary judgment as to those claims is DENIED. On these grounds, Factoring Criteria for Firearms with Attached Stabilizing Braces (the "Final Rule"), 88 Fed. Reg. 6,478 (Jan. 31, 2023), is hereby VACATED. The Plaintiffs' remaining claims are DENIED as moot. (Ordered by Judge Reed C. O'Connor on 6/13/2024) (jnp) (Entered: 06/13/2024) |
| 07/19/2024 | <u>112</u><br>(p.1960) | Received letter from United States Court of Appeals 5th Circuit. The court has consolidated the cases for the purpose of oral argument. The revised case caption is attached to this notice. Please use the revised caption on all future filings. PLEASE |

| | | |
|---|---|---|
| | | NOTE: The oral arguments previously scheduled for August 5, 2024, are rescheduled to the first week of September 2024. Further scheduling information will be issued at a later date. (tle) (Entered: 07/22/2024) |
| 07/19/2024 | 113 (p.1964) | USCA ORDER 23-40556. BY THE COURT:. Consolidated with cases 23-40556, 23-11157, 23-11199, 23-11203, 23-11204, 23-40685. In response to the letters filed in the above cases, IT IS ORDERED that cases previously consolidated with No. 23-11157 are now also consolidated with No. 23-40556 for purposes of Oral Argument; and that the Oral Arguments scheduled presently for August 5, 2024, are hereby rescheduled to the first week of September 2024. (tle) (Entered: 07/22/2024) |
| 08/12/2024 | 114 (p.1968) | NOTICE OF APPEAL as to 111 (p.1959) Judgment,, 110 (p.1947) Memorandum Opinion and Order, to the Fifth Circuit by Bureau of Alcohol Tobacco Firearms and Explosives, Steven Dettelbach, Merrick Garland, United States Department of Justice. T.O. form to appellant electronically at Transcript Order Form or US Mail as appropriate. Copy of NOA to be sent US Mail to parties not electronically noticed. IMPORTANT ACTION REQUIRED: Provide an electronic copy of any exhibit you offered during a hearing or trial that was admitted into evidence to the clerk of the district court within 14 days of the date of this notice. Copies must be transmitted as PDF attachments through ECF by all ECF Users or delivered to the clerk on a CD by all non-ECF Users. See detailed instructions here. (Exception: This requirement does not apply to a pro se prisoner litigant.) Please note that if original exhibits are in your possession, you must maintain them through final disposition of the case. (Lowry, Faith) (Entered: 08/12/2024) |
| 08/21/2024 | 115 (p.1970) | USCA Case Number 24-10743 in United States Court of Appeals 5th Circuit for 114 (p.1968) Notice of Appeal, filed by Merrick Garland, Bureau of Alcohol Tobacco Firearms and Explosives, United States Department of Justice, Steven Dettelbach. (tle) (Entered: 08/21/2024) |

TAB 2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **WILLIAM T. MOCK, et al.,** | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:23-CV-00095-O** |
| | § | |
| **MERRICK GARLAND, et al.,** | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Plaintiffs' Motion for Summary Judgment (ECF No. 98) and Brief in Support (ECF No. 99), filed November 14, 2023; Defendants' Cross Motion for Summary Judgment (ECF No. 106) and Brief in Support (ECF No. 107), filed on December 18, 2023; Plaintiffs' Response (ECF No. 108), filed on January 17, 2024; Defendants' Reply (ECF No. 109), filed February 7, 2024; and an *Amici Curiae* Brief (ECF No. 103), filed November 22, 2023. Having carefully considered the briefing and applicable law, Plaintiffs' motion is **GRANTED** and Defendants' motion is **DENIED** for the reasons stated herein.

## I.    BACKGROUND

At this point, the statutory and regulatory background is well known, and the Court will not repeat it here.[1]  Thus, the following is a brief recitation of the relevant procedural history of this case.  This case was filed on January 31, 2023, and is one of a series of cases[2] challenging the

---

[1] *Mock v. Garland*, 666 F.Supp. 3d 633 (N.D. Tex. March 30, 2023) (ECF No. 40), *rev'd and remanded*, 75 F.4th 563 (5th Cir. 2023); *Mock v. Garland*, 2023 WL 6457920, (N.D. Tex. October 2, 2023) (ECF No. 92).

[2] *See Britto v. ATF*, No. 2:23-cv-19 (N.D. Tex.); *Colon v. ATF*, No. 8:23-cv-223 (M.D. Fla.); *Firearms Regul. Accountability Coal., Inc. v. Garland*, No. 1:23-cv-24 (D.N.D.); *Miller v. Garland*, No. 1:23-cv-195 (E.D. Va.); *Nat'l Rifle Ass'n of Am., Inc. v. ATF*, No. 3:23-cv-1471 (N.D. Tex.); *Second Amend. Found.,*

Final Rule,[3] which, *inter alia*, announces when a device marketed as a stabilizing brace turns a pistol or handgun into a rifle.   Plaintiffs filed this suit alleging various statutory deficiencies with the process and substance of the Final Rule.[4]   Additionally, Plaintiffs brought constitutional challenges.[5]   Three weeks later, on February 21, 2023, Plaintiffs moved the Court for a preliminary injunction against Defendants' enforcement of the Final Rule.   *See* 5 U.S.C. § 705.[6]   On March 30, 2023, the Court denied Plaintiffs' motion for preliminary injunction on the grounds that Plaintiffs had failed to demonstrate a substantial likelihood of success on the merits of any of their claims. *See Mock*, 666 F.Supp. 3d at 645, *rev'd and remanded*, 75 F.4th 563.

On August 1, 2023, the United States Court of Appeals for the Fifth Circuit reversed the Court's order denying a preliminary injunction and decided in favor of Plaintiffs' logical outgrowth Administrative Procedure Act ("APA") claim, holding that: (1) "it is relatively straightforward that the Final Rule was not a logical outgrowth of the Proposed Rule, and the monumental error was prejudicial;" and (2) "[t]he Final Rule therefore must be set aside as unlawful." *Mock*, 75 F.4th at 586 (citing 5 U.S.C. § 553(b)-(c) (providing that a final rule adopted by an agency must be a logical outgrowth of its concomitant proposed rule); *id.* § 706(2)(D) (directing reviewing courts to "hold unlawful and set aside agency [rules]" found to be "without observance of procedure required by law")).   The Fifth Circuit remanded the case back to this Court with instructions to assess the remaining preliminary injunction factors and rule on Plaintiffs' motion—in light of the circuit panel's decision—within 60 days. *See Mock*, 75 F.4th at

---

*Inc. v. ATF*, No. 3:21-cv-116 (N.D. Tex.); *Texas v. ATF*, No. 6:23-cv-13 (S.D. Tex.); *Tex. Gun Rts., Inc. v. ATF*, No. 4:23-cv-578 (N.D. Tex.); *Watterson v. ATF*, No. 4:23-cv-80 (E.D. Tex.).
[3] Factoring Criteria for Firearms with Attached "Stabilizing Braces" (the "Final Rule"), 88 Fed. Reg. 6,478 (Jan. 31, 2023).
[4] *See* ECF Nos. 1, 13.
[5] *Id.*
[6] Mot. for Prelim. Inj., ECF No. 33.

586-88.  On October 2, 2023, the Court granted Plaintiffs' injunction.  *Mock*, 2023 WL 6457920, (ECF No. 92).

## II.    LEGAL STANDARD

In a case challenging an agency action under the APA, summary judgment "serves as the mechanism for deciding" whether the action "is supported by the administrative record and otherwise consistent with the APA standard of review." *Gadhave v. Thompson*, 2023 WL 6931334, at *1 (N.D. Tex. Oct. 19, 2023) (citation omitted).  The agency resolves "factual issues to arrive at a decision that is supported by the administrative record," and the district court applies the APA standards of review to determine whether, as a matter of law, "the evidence in the administrative record permitted the agency to make the decision it did."  *See Yogi Metals Grp. Inc. v. Garland*, 567 F. Supp. 3d 793, 797–98 (S.D. Tex. 2021), *aff'd*, 38 F.4th 455 (5th Cir. 2022) (citation omitted); *MRC Energy Co. v. U.S. Citizenship & Immigr. Servs.*, 2021 WL 1209188, at *3 (N.D. Tex. Mar. 31, 2021) (citation omitted).  The entire case is thus a question of law, with the district court sitting as an appellate tribunal.  *MRC Energy,* 2021 WL 1209188 at *3.

## III.    ANALYSIS

In their Motion for Summary Judgment, Plaintiffs claim that the Final Rule violated the APA's procedural requirements because: (1) it was not a logical outgrowth of the Proposed Rule;[7] (2) Defendants acted arbitrarily when they failed to consider important aspects of the problems presented and caused by the Final Rule; (3) Defendants impermissibly extended their statutory authority under the National Firearms Act of 1934 ("NFA") and the Gun Control Act of 1968 ("GCA"); and (4) it violates various aspects of the United States Constitution.[8]  Additionally, and

---

[7] Factoring Criteria for Firearms with Attached 'Stabilizing Braces' ("Proposed Rule"), 86 Fed. Reg. 30,826 (June 10, 2021).
[8] Plaintiffs' Brief in Support of their Motion for Summary Judgment ("Pls.' Br.") at 1–3 (ECF No. 100).

3

in the alternative, Plaintiffs argue that if the Court were to find that the Final Rule was properly promulgated under the APA, "then the NFA's onerous and ahistorical regulation of short-barreled rifles ("SBRs"), which are commonly possessed by law-abiding individuals for lawful purposes, violates the Second Amendment."[9]

In their Cross Motion for Summary Judgment, Defendants first claim that the injunctive relief sought by Plaintiffs is barred by the Tax Anti-Injunction Act ("AIA") because that "relief that would obstruct the assessment and collection of the NFA's tax."[10]  Defendants also argue that they are entitled to summary judgment because the Final Rule was properly promulgated under the APA and does not violate the Constitution.[11]  Before addressing the merits, the Court will begin with whether the AIA applies to Plaintiffs' claims.

### A.  Plaintiffs' Challenge to the Rule is Not Barred by the Tax Anti-Injunction Act

The AIA provides that, generally, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." I.R.C. § 7421(a). That broad and mandatory language, protects "the Government's ability to collect a consistent stream of revenue, by barring litigation to enjoin or otherwise obstruct" tax collection.  *Hotze v. Burwell*, 784 F.3d 984, 996 (5th Cir. 2015) (citation omitted).  Consistent with this "protective purpose[]," the Fifth Circuit has "interpreted the Act broadly" to apply "not only to the assessment and collection of taxes," but also "to activities which are intended to or may culminate in" tax assessment or collection, like "suit[s] to restrain" the "collection of information that would aid in the assessment of taxes."  *Linn v. Chivatero*, 714 F.2d 1278, 1282 (5th Cir. 1983) (citation omitted).

---

[9] *Id.* at 3.
[10] Defendants' Brief in Support of their Cross Motion for Summary Judgment ("Defs.' Br.") at 11–13 (ECF No. 107).
[11] *Id.* at 13–45.

Defendants argue that the AIA bars Plaintiffs' claims to the extent they seek to restrain the NFA's enforcement against any brace-equipped pistols because: (1) "[a]n injunction prohibiting enforcement of the NFA's registration requirement would thus indisputably 'restrain' the 'collection of information that would aid in the assessment of taxes;'" and (2) Plaintiffs' proposed injunction would stop the collection of the NFA's tax.[12]  The Court notes that Defendants do not, and cannot, claim that Plaintiffs' procedural and constitutional challenges to the Final Rule are barred by the AIA.[13]  Rather, as evidenced by their arguments, Defendants' challenge Plaintiffs' ability to seek preemptive injunctive relief.  There are meaningful differences between an injunction, which is a "drastic and extraordinary remedy," and vacatur, which is "a less drastic remedy." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 165–66 (2010).  Accordingly, because, as discussed below, the Court is vacating the Final Rule and is not granting Plaintiffs' request for a permanent injunction, Defendants' arguments are moot and the Court need not address whether the requested injunctive relief is barred by the AIA.

### B. The Final Rule Violated the APA's Procedural Requirements

#### 1. The Final Rule was not a Logical Outgrowth of the Proposed Rule

Defendants argue that the Court should use its discretion to reconsider Plaintiffs' logical outgrowth argument despite the Fifth Circuit's opinion in this case.[14]  Specifically, Defendants assert that it would be proper for the Court to make its own determination on the issue because this Court is not bound by the Fifth Circuit's opinion, the briefing was insufficient at the appellate level, and the panel created a new legal test for determining whether a rule is legislative.[15]

---

[12] Defendants' Reply in Support of their Motion for Summary Judgment ("Defs.' Reply") at 1–4 (ECF No. 109); Defs.' Br. at 11–13.
[13] *Id.*
[14] *Id.* at 22; Defs.' Reply at 10–12.
[15] Defs.' Reply at 10–12.

The Court declines to relitigate a determination made by the Fifth Circuit in this case. Even assuming that this Court is not bound by the majority's opinion, and that the majority created a new test for determining whether a rule is legislative in nature, the Court has previously adopted the majority's conclusion as its own. *See Mock*, 2023 WL 6457920, at *6 (stating that "[t]he Court wholesale adopts that conclusion as its own."). Furthermore, while Defendants argue that the briefing was insufficient for the Fifth Circuit to make a determination,[16] the majority devoted a large portion of their opinion to this issue. *See Mock*, 75 F.4th at 578–86. At the conclusion of the majority's careful analysis, they held that the Final Rule is "properly characterized as a legislative rule," and "it is relatively straightforward that the Final Rule was not a logical outgrowth of the Proposed Rule, . . . therefore [the Final Rule] ***must*** be set aside as unlawful or other-wise remanded for appropriate remediation." *Id.* at 586 (emphasis added). Here, the Court declines Defendants' invitation to relitigate this issue and once again adopts the majority's well-reasoned conclusion as its own. Consequently, the Court finds that the Final Rule violated the APA's procedural requirements because it was not a logical outgrowth of the Proposed Rule. Accordingly, Plaintiffs' Motion for Summary Judgment is **GRANTED** and Defendants' Motion for Summary Judgment is **DENIED** as to this issue.

### 2.  The Adaptation of the Final Rule was Arbitrary and Capricious

Next, the Court turns to Plaintiffs' argument that the adaptation of the Final Rule was arbitrary and capricious. Section 706 of the APA provides that reviewing courts must set aside agency action found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). "Arbitrary and capricious review focuses on whether an agency articulated a rational connection between the facts found and the decision made."

---

[16] *Id.* at 11.

*ExxonMobil Pipeline Co. v. U.S. Dep't of Transp.*, 867 F.3d 564, 571 (5th Cir. 2017) (internal quotation marks and citation omitted).  An agency must provide a more "detailed justification" for a "new policy [that] rests upon factual findings that contradict those which underlay its prior policy; or when its prior policy has engendered serious reliance interests that must be taken into account." *FCC v. Fox Television Stations, Inc.*, 556 U.S. 502, 515 (2009) (citing *Smiley v. Citibank (S. D.), N.A.*, 517 U.S. 735, 742 (1996)).

Plaintiffs contend that the "adoption of the Final Rule was arbitrary and capricious for three reasons: the Agencies failed to consider commenters' concerns, reversed a longstanding position without meaningful explanation, and drafted a rule with vague standards."[17]   In contrast, Defendants assert that none of Plaintiffs' stated reasons "are sufficient to invalidate the [Final] Rule on its face."[18] The Court finds that the adaptation of the Final Rule was arbitrary and capricious for two reasons.  First, the Defendants did not provide a detailed justification for their reversal of the agency's longstanding position.  And second, the Final Rule's standards are impermissibly vague.

For close to a decade, the ATF concluded that "attaching the brace to a firearm does not alter the classification of the firearm or subject the firearm to NFA control."[19]  The ATF changed course on this position for the first time in 2023, when it issued the Final Rule reversing the agency's otherwise long-standing policy.  "When an agency changes course, as [the ATF] did here, it must 'be cognizant that longstanding policies may have engendered serious reliance interests that must be taken into account.'"  *Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 591

---

[17] Plaintiffs' Consolidated Reply Brief in Support of their Motion for Summary Judgment and in Opposition to Defendants' Motion for Summary Judgement (Pls.' Reply") at 12–14 (ECF No. 108); Pls.' Br. at 22–24.
[18] Defs.' Br. at 18–22.
[19] *See* Max M. Kingery, ATF, Open Letter on the Redesign of "Stabilizing Braces" (Jan. 16, 2015); *also* Letter from John R. Spencer, Firearms Tech. Branch Chief, U.S. Dep't of Just., Bureau of Alcohol, Tobacco, Firearms & Explosives, #3311/2013-0172, (Nov. 26, 2012), https://tinyurl.com/2z7pz2v6.

U.S. 1, 30 (2020) (quoting *Encino Motorcars, LLC v. Navarro*, 579 U. S. 211, 222 (2016)).  "It would be arbitrary and capricious to ignore such matters" *Id.*  But this is exactly what Defendants did when they inexplicably and fundamentally switched their position on stabilizing braces without providing sufficient explanations and notice.

Under the Final Rule, the ATF estimated about 99% of pistols with stabilizing braces would be reclassified as NFA rifles.[20]  The ATF contemporaneously issued approximately sixty adjudications pursuant to the Final Rule that reclassified different configurations of firearms with stabilizing braces as NFA rifles.[21]  The ATF provided no explanations for how the agency came to these classifications and there is no "meaningful clarity about what constitutes an impermissible stabilizing brace." *Mock*, 75 F.4th at 585 (5th Cir. 2023).  In fact, the Fifth Circuit "[could not] find a single given example of a pistol with a stabilizing brace that would constitute an NFA-exempt braced pistol."  *Id.* at 575.  Such "'unexplained' and 'inconsistent' positions" are arbitrary and capricious.  *R.J. Reynolds Vapor Co. v. FDA*, 65 F.4th 182, 191 (5th Cir. 2023) (quoting *Encino Motorcars*, 579 U.S. at 222).

The Defendants' disregard for the principles of fair notice and consideration of reliance interests is further exacerbated by its failure to follow the APA's procedural requirements for public notice and comment.  As discussed above, Defendants failed to follow proper notice-and-

---

[20] *Mock*, 75 F.4th at 574, 574 n.23 (citing ATF, RIN 1140-AA55, Factoring Criteria for Firearms with Attached "Stabilizing Braces": Final Regulatory Impact Analysis and Final Regulatory Flexibility Analysis 21 (2023), https://www.atf.gov/rules-and-regulations/docs/undefined/atf2021r08stabilizingbracefrriapdf/download).

[21] *Id.* at 575, 575 n.24 (citing ATF, Common Weapon Platforms with Attached 'Stabilizing Brace' Designs That Are Short-Barreled Rifles (2023), https://www.atf.gov/rules-and-regulations/docs/undefined/bracefinalruleguidance-noncommercial/download; ATF, Commercially Available Firearms Equipped with a 'Stabilizing Brace' That Are Short-Barreled Rifles (2023), https://www.atf.gov/rules-and-regulations/docs/undefined/bracefinalruleguidancecommerciallypdf/download).

comment procedures because the Proposed Rule and the Final Rule differed in immense ways. *See Mock*, 75 F.4th at 585–86.  (providing that "the requirements involving analysis of third parties' actions, such as the 'manufacturer's direct and indirect marketing and promotional materials,' and '[i]nformation demonstrating the likely use of the weapon in the general community,' Final Rule at 6480, would hold citizens criminally liable for the actions of others, who are likely unknown, unaffiliated, and uncontrollable by the person being regulated.  None of those factors was included in the Proposed Rule.").  This "monumental error" did not provide each Plaintiff with proper notice "that his [or her] firearm is subject to criminal penalties" or an opportunity to comment on the Final Rule. *Id.* at 585–86.  The Defendants' decision to skirt notice-and-comment provisions is arbitrary and capricious *per se*, and the specific type of conduct that the APA provides recourse for.  *See Perez v. Mortg. Bankers Ass'n*, 575 U.S. 92, 94 (2015) (noting "the APA already provides recourse to regulated entities from agency decisions that skirt notice-and-comment provisions by placing a variety of constraints on agency decision-making, *e.g.*, the arbitrary and capricious standard"); *see also Mock*, 75 F.4th at 579 n.38 (stating "the [Final] Rule could have still been . . . challenged as arbitrary and capricious . . ., [because] [a]s the Supreme Court made clear in *Perez*, the public is not without recourse even if an agency attempts to 'skirt' the strictures of notice and comment with an interpretive rule.").

Moreover, the Court finds that the standards set forth in the Final Rule are impermissibly vague.  While the Worksheet in the Proposed Rule would allow "an individual to analyze his own weapon and gave each individual an objective basis to disagree with the ATF's determinations, the Final Rule vests the ATF with complete discretion to use a subjective balancing test to weigh six opaque factors on an invisible scale." *Mock*, 75 F.4th at 584.  Consequently, the Court finds that the Final Rule's six factor test is so impermissibly vague that it "provides no meaningful

clarity about what constitutes an impermissible stabilizing brace," and, thus, that "it is nigh impossible for a regular citizen to determine what constitutes a braced pistol" that "requires NFA registration." *Id.* at 584–85. Accordingly, Plaintiffs' Motion for Summary Judgment is **GRANTED** and Defendants' Motion for Summary Judgment is **DENIED** as to this issue.

### 3. The Court Need Not Address Plaintiffs' Other Procedural and Constitutional Claims

There exists an ordinary rule "that a federal court should not decide federal constitutional questions where a dispositive nonconstitutional ground is available." *Hagans v. Lavine*, 415 U.S. 528, 547 (1974); *see also N.Y.C. Transit Auth. v. Beazer*, 440 U.S. 568, 582 (1979) ("If there is one doctrine more deeply rooted than any other in the process of constitutional adjudication, it is that we ought not to pass on questions of constitutionality . . . unless such adjudication is unavoidable. Before deciding the constitutional question, it was incumbent on [the lower] courts to consider whether the statutory grounds might be dispositive.") (cleaned up). Thus, "if a case raises both statutory and constitutional questions, the inquiry should focus initially on the statutory question[s]. . . . If the lower court finds that statutory ground dispositive, resolution of the constitutional issue will be obviated." *Jordan v. City of Greenwood, Miss.*, 711 F.2d 667, 669 (5th Cir. 1983). Furthermore, the Supreme Court has encouraged lower courts to avoid expending "scarce judicial resources to resolve difficult and novel questions of [] statutory interpretation that will have no effect on the outcome of the case." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (cleaned up). Because, as discussed above, the Court finds that Defendants' adoption of the Final Rule violated the APA's procedural requirements, and that those claims are dispositive, the Court declines to address the constitutional questions presented, as well as the question of whether Defendants exceeded their statutory authority in interpretating "rifle" under the NFA and GCA.

## IV.    REMEDY

Finally, the Court turns to what the appropriate remedy is in this case.  Plaintiffs request that the Court vacate the Final Rule in its entirety and grant a permanent injunction "enjoining Defendants from implementing, enforcing, or otherwise applying the . . . Final Rule."[22]   In response, Defendants argue that the Court should not vacate the Final Rule as there are more limited remedies that would redress Plaintiffs' injuries.[23]   Additionally, Defendants claim that the Court should deny the requested injunction because Plaintiffs have failed to carry their burden and the requested injunction is too vague.[24]

The proper remedy for a finding that an agency failed to comply with the APA's procedural requirements is vacatur of the unlawful agency action.  While Defendants are correct that the APA does not require such a remedy, the Fifth Circuit considers vacatur the "default rule" for agency action otherwise found to be unlawful.  *Data Mktg. P'ship, LP v. U.S. Dep't of Labor*, 45 F.4th 846, 859–60 (5th Cir. 2022); *accord Franciscan All., Inc. v. Becerra*, 47 F.4th 368, 374–75, 375 n.29 (5th Cir. 2022) (concluding that "[v]acatur is the *only* statutorily prescribed remedy for a successful APA challenge to a regulation") (emphasis added).  The D.C. Circuit agrees.  *United Steel v. Mine Safety & Health Admin.*, 925 F.3d 1279, 1287 (D.C. Cir. 2019) ("The ordinary practice is to vacate unlawful agency action. . . . In rare cases, however, we do not vacate the action but instead remand for the agency to correct its errors.").  Whether remand-without-vacatur is the appropriate remedy "turns on two factors: (1) the seriousness of the deficiencies of the action, that is, how likely it is the agency will be able to justify its decision on remand; and (2) the disruptive consequences of vacatur." *Id.* (cleaned up).

---

[22] Pls.' Br. at 40–43.
[23] Defs.' Br. at 45–49.
[24] *Id.* at 49–50.

In this case, vacatur is appropriate given the Court's conclusion that Defendants' adoption of the Final Rule violated the APA's procedural requirements. An illegitimate agency action is void *ab initio* and therefore cannot be remanded as there is nothing for the agency to justify. Further, applying the vacatur of the Final Rule to only Plaintiffs is more akin to an injunction that would prohibit Defendants from enforcing its unlawful Final Rule against only certain individuals. And indeed, "[t]here are meaningful differences between an injunction, which is a 'drastic and extraordinary remedy,' and vacatur, which is 'a less drastic remedy.'" *Texas v. United States*, 40 F.4th 205, 219 (5th Cir. 2022) (quoting *Monsanto Co.*, 561 U.S. at 165). This is because "vacatur does nothing but re-establish the status quo[—that existed for decades prior to the Final Rule going into effect last year—]absent the unlawful agency action. Apart from the . . . statutory basis on which the court invalidated an agency action, vacatur neither compels nor restrains further agency decision-making." *Texas*, 40 F.4th at 220. Because Defendants fail to show that this is a rare case in which the Court should deviate from the default rule, the Court **VACATES** the Final Rule on the grounds that Defendants violated the APA's procedural requirements in promulgating it. Because courts presume that the federal government will comply with its rulings, Plaintiffs' requested injunctive relief is unnecessary and, thus, is **DENIED**.

## V.    CONCLUSION

For the reasons set out above, the Court **GRANTS** Plaintiffs' Motion for Summary Judgment on the grounds that the Final Rule violated the APA's procedural requirements because it was arbitrary and capricious and was not a logical outgrowth of the Proposed Rule; **DENIES** Defendants' Cross Motion for Summary Judgment; **DENIES** Plaintiffs' request for a permanent injunction; and **VACATES** the Final Rule.

**SO ORDERED** this **13th** day of **June, 2024**.

TAB 3

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **WILLIAM T. MOCK, et al.,** | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:23-CV-00095-O** |
| | § | |
| **MERRICK GARLAND, et al.,** | § | |
| | § | |
| *Defendants.* | § | |

## FINAL JUDGMENT

This Judgment is issued pursuant to Fed. R. Civ. P. 58(a).

This action came on for consideration by the Court, and the issues having been duly considered and a decision duly rendered,

It is **ORDERED**, **ADJUDGED**, and **DECREED** that:

1. Plaintiffs' motion for summary judgment on the grounds that the Final Rule violated the Administrative Procedure Act's procedural requirements because it was arbitrary and capricious and was not a logical outgrowth of the Proposed Rule is **GRANTED** and Defendants' cross-motion for summary judgment as to those claims is **DENIED**.

2. On these grounds, Factoring Criteria for Firearms with Attached Stabilizing Braces (the "Final Rule"), 88 Fed. Reg. 6,478 (Jan. 31, 2023), is hereby **VACATED**.

3. The Plaintiffs' remaining claims are **DENIED** as moot.

4. All other relief not expressly granted herein is denied.

**SO ORDERED** this **13th day** of **June, 2024**.

TAB 4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

|  |  |
|---|---|
| WILLIAM T. MOCK, *et al.*, | |
| *Plaintiffs*, | |
| v. | Civil Action No. 4:23-cv-95-O |
| MERRICK B. GARLAND, *et al.*, | |
| *Defendants*. | |

### NOTICE OF APPEAL

PLEASE TAKE NOTICE that all defendants hereby appeal to the United States Court of Appeals for the Fifth Circuit from this Court's opinion and order, ECF No. 110, and final judgment, ECF No. 111, dated June 13, 2024, granting in part and denying in part plaintiffs' motion for summary judgment, ECF No. 98, and denying defendants' motion for summary judgment, ECF No. 106.

Dated: August 12, 2024

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

BRIGHAM J. BOWEN
Assistant Branch Director

*/s/ Jody D. Lowenstein*
JODY D. LOWENSTEIN (MT Bar No. 55816869)
TAYLOR PITZ (CA Bar No. 332080)
FAITH E. LOWRY (TX Bar No. 24099560)
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Phone: (202) 598-9280
Email: jody.d.lowenstein@usdoj.gov

*Attorneys for Defendants*

1

**<u>CERTIFICATE OF SERVICE</u>**

On August 12, 2024, I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court, Northern District of Texas, using the Court's electronic case filing system. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Jody D. Lowenstein*
JODY D. LOWENSTEIN
Trial Attorney
U.S. Department of Justice

**CERTIFICATE OF SERVICE**

I hereby certify that on October 7, 2024, I electronically filed the foregoing excerpts of record with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system. Service will be accomplished by the appellate CM/ECF system.


*s/ Ben Lewis*
Ben Lewis