# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

William T. Mock, *et al.*,
    Plaintiffs-Appellees,

v.

Pamela Bondi, *U.S. Attorney General, et al.*,
    Defendants-Appellants.

No. 24-10743

## MOTION TO HOLD APPEAL IN ABEYANCE FOR 60 DAYS

Pursuant to Federal Rule of Appellate Procedure 27, the federal government respectfully moves to hold this appeal in abeyance for 60 days. Plaintiffs consent to this motion.

1. In January 2023, the Bureau of Alcohol, Tobacco, Firearms, and Explosives issued a rule describing how the agency will determine whether firearms with stabilizing braces attached are short-barreled rifles subject to the restrictions of the National Firearms Act. *See* Factoring Criteria for Firearms with Attached "Stabilizing Braces," 88 Fed. Reg. 6478, 6525 (Jan. 31, 2023). Plaintiffs challenged that rule, and the district court granted summary judgment to plaintiffs and vacated the Rule. *See* ROA.1947-58. The government appealed; this appeal has been fully briefed, but oral argument has not yet been scheduled.

2. Following a change in administration, on February 7, 2025, President Trump

issued Executive Order 14206, *Protecting Second Amendment Rights*, 90 Fed. Reg. 9503. Among other things, the Order directs the Attorney General to "examine" various "actions of executive departments and agencies" to "assess any ongoing infringements of the Second Amendment rights of our citizens, and present a proposed plan of action to the President, though the Domestic Policy Advisory, to protect the Second Amendment rights of all Americans." *Id.* § 2(a). And the Order specifically directs the Attorney General, as part of that process, to review all "[r]ules promulgated by the Department of Justice, including by the Bureau of Alcohol, Tobacco, Firearms, and Explosives, from January 2021 through January 2025 pertaining to firearms and/or Federal firearms licenses." *Id.* § 2(b)(ii).

3. In light of that development, the government respectfully moves to hold this case in abeyance for 60 days pending review of the challenged rule. An abeyance will conserve party and judicial resources and promote the efficient and orderly disposition of this appeal, including by ensuring that litigation is focused on enduring agency action and informed by the views of current agency leadership. The government respectfully proposes that, at the end of a 60-day abeyance period, the

parties can provide the Court with a status report regarding future steps in the case.

4. Plaintiffs consent to the relief requested in this motion.

.

Respectfully submitted,

ABBY C. WRIGHT

 /s/ Sean R. Janda
SEAN R. JANDA
BEN LEWIS
*Attorneys, Appellate Staff*
*Civil Division, Room 7260*
*U.S. Department of Justice*
*950 Pennsylvania Avenue NW*
*Washington, DC 20530*
*(202) 514-3388*
*sean.r.janda@usdoj.gov*

February 2025

## CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2025, I electronically filed the foregoing motion with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system. Participants in the cases are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

                                                  */s/ Sean R. Janda*
                                                  SEAN R. JANDA

# CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because it contains 352 words, according to the count of Microsoft Word.

/s/ *Sean R. Janda*
Sean R. Janda
